United States District Court
Southern District of Texas
**ENTERED**
January 06, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| TIMOTHY JAMES SCHWEITZER, § § Plaintiff. § § V. § J.W. DAGLE, *et al.*, § § Defendants. § | CIVIL ACTION NO. 3:22-cv-00273 |

## OPINION AND ORDER

Plaintiff Timothy J. Schweitzer, proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983. He claims that he was improperly jailed after a traffic stop and forced to endure inhumane conditions while in custody. He seeks $10 million for his alleged damages. Two motions have been referred to me: a motion for additional time to serve summons (*see* Dkt. 14), and a motion for the appointment of counsel (*see* Dkt. 13). I address each motion below.

### MOTION FOR ADDITIONAL TIME TO SERVE SUMMONS

This case was filed on July 29, 2022. An initial scheduling conference is currently set for March 8, 2023. To date, service on the various defendants has not been effectuated.

Plaintiff asks for additional time to properly serve each defendant with a summons. He claims that he has spent the last "4 months detained against [his] will in either a mental hospital or jail where it was impossible to conduct any research or complete any work on the case." Dkt. 14.

I will grant Plaintiff's request. Plaintiff is ordered to serve all the defendants with summons by March 3, 2023. The initial scheduling conference in this case set for March 8, 2023 is cancelled and re-set for April 5, 2023 at 9 a.m. by Zoom. My case manager will provide a Zoom link as the date approaches.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff asks me to appoint counsel on his behalf. He says that he simply does not have the financial resources to hire counsel. I sympathize with Plaintiff and all other pro se litigants who are unable to afford counsel. Ideally, each litigant who appears before this Court is represented by a zealous advocate who champions his/her client's cause. The reality of the situation, however, is that Congress has earmarked no funds for such representation and this Court must remember that it cannot, in each and every case, order an unwilling member of the bar to assume representation for no compensation.

"[T]he appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). Although "[t]here is no right to appointment of counsel in civil cases, . . . a district court may appoint counsel if doing so would aid in the efficient and equitable disposition of the case." *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (quotation omitted); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (as a general rule, an attorney should be appointed in a civil case only if "exceptional circumstances" exist). The decision whether to appoint counsel rests within the sound discretion of the trial court. *See Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308 (5th Cir. 1977).

The factors a district court should consider when determining whether to appoint counsel include:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Ulmer*, 691 F.2d at 213 (citations omitted).

From my review of the Amended Complaint, I do not believe this case presents particularly unique or complex issues to justify the appointment of counsel. The present matter is a Section 1983 case brought by Plaintiff against

multiple governmental entities, governmental officials, and health care providers. In total, Plaintiff's Amended Complaint identifies 35 defendants and advances a number of allegations: he was improperly arrested, placed in inhumane and unsanitary conditions in jail, and received inadequate medical care while in custody. These types of claims are relatively routine and do not provide "exceptional circumstances" supporting the appointment of counsel. *See, e.g.*, *Lempar v. Livingston*, 463 F. App'x 268, 270 (5th Cir. 2012) ("Section 1983 medical-needs cases generally do not present issues of sufficient complexity to rise to the level of 'exceptional circumstances.'"); *Lewis v. Brengesty*, 385 F. App'x 395, 397 (5th Cir. 2010) (affirming denial of counsel in § 1983 action alleging excessive force). Given that Plaintiff has carefully set forth his allegations in an extremely detailed, single-spaced complaint, I have no reason to believe that he is incapable of presenting his case without assistance. Likewise, I have no basis to find that Plaintiff is unable to adequately investigate his case. As to whether the evidence will largely consist of conflicting testimony so as to require skill in the presentation of evidence and in cross examination, I cannot make such a determination at this early juncture of the case.

Overall, I conclude that Plaintiff has not, at this time, demonstrated exceptional circumstances to support the appointment of counsel. Should this case proceed to trial, the Court may—on its own motion—reconsider whether the circumstances warrant appointing of counsel.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for additional time to serve summons (*see* Dkt. 14) is **GRANTED**, and Plaintiff's motion for the appointment of counsel (*see* Dkt. 13) is **DENIED**.

SIGNED this 6th day of January 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE